Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Christopher W. Arledge (Bar No. 200767)
carledge@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Defendant Imagine Enterprises, LLC and Counterclaimants Imagine Enterprises, LLC and Tara Cavosie*

Marc A. Fenster (Bar No. 181067)
mfenster@raklaw.com
Eric J. Carsten (Bar No. 232494)
ecarsten@raklaw.com
Nathan D. Meyer (Bar No. 239850)
nmeyer@raklaw.com
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991

*Attorneys for Plaintiff Ce Soir Lingerie Co., Inc. and Counter-Defendants Ce Soir Lingerie Co., Inc. and Beverly Ann Deal*

FILED
CLERK, U.S. DISTRICT COURT
JUL - 6 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CE SOIR LINGERIE CO., INC., a California Corporation, d/b/a FASHION FORMS, INC., d/b/a LINGERIE SOLUTIONS, <br><br> Plaintiff, <br><br> v. <br><br> IMAGINE ENTERPRISES, LLC, a New York limited liability company, <br><br> Defendants. <br><br> IMAGINE ENTERPRISES, LLC, a New York limited liability company, TARA | Case No. 2:11-cv-07291 DMG (FMOx) <br><br> **JOINT STIPULATED PROTECTIVE ORDER** <br><br> **NOTE CHANGES MADE BY THE COURT** |

1

**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| 1 | CAVOSIE, an individual |
| 2 | Counter-claimant, |
| 3 | v. |
| 4 | CE SOIR LINGERIE CO., INC., a California Corporation, d/b/a FASHION FORMS, INC., d/b/a LINGERIE SOLUTIONS; BEVERLY ANN DEAL, an individual; DOES 1-10. |
| 5 | |
| 6 | |
| 7 | Counter-defendants. |

1. **PURPOSES AND LIMITATIONS.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1. **GOOD CAUSE STATEMENT.** Specific prejudice or harm will result if this protective order is not granted as to the categories of documents and information the parties seek to protect including, without limitation, harm to personal and/or business interests of the parties caused by the public disclosure of confidential, proprietary, or otherwise private information.

2. **DEFINITIONS.**

2.1. <u>Party:</u> any party to this action.

2.2. <u>Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

1 tangible things) that are produced, served or otherwise provided in this action by the Parties
2 or by non-parties.

    2.3.  "Confidential" Material: information or any other form of evidence or discovery a Designating Party believes, in good faith, embodies, contains, or reflects information that is confidential, private, or proprietary, including without limitation: research and development notebooks and logs; trade secrets [as defined in California Civil Code §3426.1]; commercial and financial records and information (e.g., customer and supplier lists, private sales data, proprietary manufacturing information); and personnel information.

    2.4.  "Highly Confidential – Attorneys' Eyes Only" Material: information or any other form of evidence or discovery a Designating Party believes, in good faith, embodies, contains, or reflects highly confidential and/or proprietary information, including Materials that provide the Designating Party with a competitive advantage, and the disclosure of which to a competitor would materially harm the business of the Designating Party.

    2.5.  Receiving Party: a Party that receives Material from a Producing Party.

    2.6.  Producing Party: a Party or non-party that produces Material in this action.

    2.7.  Designating Party: a Party or non-party that designates Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

    2.8.  Protected Material: any Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    2.9.  Outside Counsel: attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, but who are counsel of record for a Party in this action or advise a Party in this action.

    2.10.  House Counsel: attorneys who are employees of a Party.

    2.11.  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1  3. SCOPE. The protections conferred by this Stipulation and Order cover not only
2  Protected Material (as defined above), but also any information copied or extracted
3  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
4  testimony, conversations, or presentations by parties or counsel to or in court or in other
5  settings that might reveal Protected Material.

6

7  4. DURATION. ~~The terms of this Order shall survive the final termination of this~~
8  ~~action to the extent that any Protected Material is not or does not become known to the~~
9  ~~public. However, at the commencement of trial, all Protected Material that the Parties~~
10 ~~designate for use at trial shall become public unless good cause to proceed otherwise is~~
11 ~~shown to this Court in advance of trial. This Court shall retain jurisdiction over this action~~
12 ~~for the purpose of enforcing this Order. The parties agree that any order of dismissal of this~~
13 ~~action as to any or all parties shall include a specific provision that the Court retains~~
14 ~~jurisdiction to enforce the terms of this Order following dismissal. Each Party hereby~~
15 ~~consents to the personal jurisdiction of the Court for that purpose.~~ [handwritten: Once the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of the protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.]

17  5. DESIGNATING PROTECTED MATERIAL.
18    5.1.  Designations. Designation in conformity with this Order requires:
19    (a.)  for information in documentary form (apart from transcripts of depositions or
20  other pretrial or trial proceedings), that the Producing Party affix the legend
21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on
22  each page that contains protected material. For files produced in native format, the
23  Producing Party may indicate the confidentiality designation within a file name or in
24  correspondence accompanying the production.
25    A Party or non-party that makes original documents or materials available for
26  inspection need not designate them for protection until after the inspecting Party has
27  indicated which material it would like copied and produced. During the inspection and
28  before the designation, all of the material made available for inspection shall be deemed

1  "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party
2  has identified the documents it wants copied and produced, the Producing Party must
3  determine which documents, or portions thereof, qualify for protection under this Order.
4  Then, before producing the specified documents, the Producing Party must affix the
5  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
6  EYES ONLY") on each page that contains Protected Material.

7  Parties other than the Producing Party may also separately request that materials
8  produced by another party be treated as "Confidential" or "Highly Confidential – Attorneys
9  Eyes' Only," and separately provide replacement copies of such materials with an
10  appropriate legend.

11  (b.) for testimony given in deposition or in other discovery-related proceedings,
12  that the Designating Party identify on the record, before the close of that deposition or other
13  discovery-related proceeding, all protected testimony, and further specify any portions of
14  the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
15  ATTORNEYS' EYES ONLY." Testimony identified in this way will retain the protection
16  of its designation as Protected Material without any further action by the Designating Party.
17  Any Party may also designate testimony as "CONFIDENTIAL" or "HIGHLY
18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the court reporter and all
19  of the parties, in writing within thirty (30) days after receipt of the final corrected
20  deposition transcript, of the specific pages and lines of the transcript that should be treated
21  thereafter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY". In such a case, each Party shall attach a copy of such written notice or notices to
23  the face of the transcript and each copy thereof in his/her possession, custody or control. In
24  any event, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL –
25  ATTORNEYS' EYES ONLY" for at least a period of thirty (30) days after receipt of the
26  final corrected transcript.

27  (c.) for information produced in some form other than documentary, and for any
28  other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    5.2.   <u>Inadvertent Production.</u>

    (a.)   Inadvertent Failures to Properly Designate.  If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order.  The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been disclosed to unqualified recipients.  Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

    (b.)   No Waiver of Privilege.  The production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently

produced Material. The return of such Material shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Material was never privileged.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1. <u>Challenges</u>. The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in

detail the basis for the challenge. Each such motion must (a) be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement; (b) accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph; and (c) set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1. Basic Principles. Unless previously filed or lodged with the Court, Protected Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the Protected Material is maintained. If Protected Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Protected Material and to prevent further disclosure. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a.) the Receiving Party's Outside Counsel of record in this action;

(b.) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c.) subject to the notice and objection protocol under Section 8 of this agreements, experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d.) the Court and its personnel;

(e.) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f.) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g.) the author of the document or the original source of the information; and

(h.) bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, with such disclosure governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party.

Case 2:11-cv-07291-DMG -FMO   Document 30-1   Filed 06/11/12   Page 10 of 16   Page ID
#:284

7.3. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a.) the Receiving Party's Outside Counsel of record in this action;

(b.) subject to the notice and objection protocol under Section 8 of this agreements, experts to whom disclosure is reasonably necessary for this litigation who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c.) the Court and its personnel;

(d.) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e.) the author of the document or the original source of the information.

(f.) bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, with such disclosure governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party.

8. **DISCLOSURE TO EXPERTS**

(a.) **Confidentiality Agreement.** An expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the expert execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

(b.) **Written Notice.** Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must provide written notice to the Producing Party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the "Agreement to Be Bound by Protective Order" signed by the expert, (3) attaches a copy of the expert's current curriculum vitae, (4) identifies all employers and clients for whom the expert has worked or consulted in the last

four years, including the expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of the court) any intellectual property litigation or patent application in connection with which the expert has provided any professional services during the preceding four years.

(c.) <u>Objection</u>. A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Protected Material to the identified expert unless, within five (5) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Producing or Designating Party objects in writing.

(d.) <u>Judicial Intervention</u>. If an objection is made, the parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may move the Court for an order that access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be denied the designated individual, or other appropriate relief. Such motion must be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. Unless and until the Court determines otherwise, no disclosure of any such Protected Material shall be made by the Receiving Party to any expert to whom an objection has been made.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FILING PROTECTED MATERIAL</u>. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the papers shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. Pending

Case 2:11-cv-07291-DMG -FMO   Document 32   Filed 07/06/12   Page 13 of 16   Page ID
Case 2:11-cv-07291-DMG -FMO   Document 30-1   Filed 06/11/12   Page 13 of 16   Page ID
#:287

1. the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

12. **FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that the Receiving Party has complied with this Section of the Protective Order. Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material ~~remain~~ are subject to ~~this Protective Order as~~ the provisions set forth in Section 4 (DURATION), above.

13. **PROSECUTION BAR.** Any attorneys, patent agents, or other persons who access documents, information, and other things designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (i) shall have no active involvement in the prosecution of any application pertaining to the technology of the patent-in-suit during the pendency of this action and for one (1) year after the conclusion of their involvement with this litigation, including appeals; and (ii) shall have no involvement in or contact with the prosecution of any application related to the patents-in-suit, e.g., reissues or reexaminations. In order for an individual to receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another Party, the individual must, prior to receiving such information, elect in writing to forego having any involvement in or contact with the prosecution of any application related to the patent-in-suit, e.g., reissues or reexaminations.

Case 2:11-cv-07291-DMG -FMO   Document 32   Filed 07/06/12   Page 14 of 16   Page ID
Case 2:11-cv-07291-DMG -FMO   Document 30-1   Filed 06/11/12   Page 14 of 16   Page ID
 #:288

14. **MISCELLANEOUS.**

14.1. <u>Injunctive Relief</u>. The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may ~~immediately~~ apply to obtain injunctive relief [after complying with Local Rule 37] against any such violation or threatened violation, ~~and if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.~~

14.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: June 11, 2012                ONE LLP

                                    By: /s/ Peter R. Afrasiabi
                                        Peter Afrasiabi

                                        Attorneys for Defendant and
                                        Counterclaimant Imagine Enterprises,
                                        LLC and Counterclaimant Tara Cavosie

Case 2:11-cv-07291-DMG-FMO   Document 32   Filed 07/06/12   Page 15 of 16   Page ID
Case 2:11-cv-07291-DMG-FMO   Document 30-1   Filed 06/11/12   Page 15 of 16   Page ID
#:289

1  Dated: June 11, 2012          Russ, August & Kabat

2

3

4                                By: /s/ [signature]

5                                Eric J. Carsten

6                                Attorneys for Plaintiff and
                                 Counter-Defendant Ce Soir Lingerine Co., Inc. and
7                                Counter-Defendant Beverly Ann Deal

8

9
   PURSUANT TO STIPULATION, IT IS SO ORDERED, as modified above.
10

11
   DATED:  7-6-12                 _____[signature]_____
12                                United States District/Magistrate Judge

13

---

15

**STIPULATED PROTECTIVE ORDER**

Case 2:11-cv-07291-DMG -FMO   Document 32   Filed 07/06/12   Page 16 of 16   Page ID
Case 2:11-cv-07291-DMG -FMO   Document 36-1   Filed 06/11/12   Page 16 of 16   Page ID
#:290

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Ce Soir Lingerie Co., Inc. v. Imagine Enterprises, Inc., Case No. 2:11-cv-07291 DMG (FMOx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____